IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACRONIS INTERNATIONAL GMBH and ACRONIS, INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SYMANTEC CORPORATION,<br><br>　　　　　Defendant. | Civil Action No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

For their Complaint, Plaintiffs Acronis International GmbH and Acronis, Inc. (collectively "Plaintiffs") allege:

**PARTIES**

1.　　Plaintiff Acronis International GmbH is a corporation organized and existing under the laws of Switzerland, having a principal place of business at Rheinweg 9 Schaffhausen, CH-8200, Switzerland.

2.　　Plaintiff Acronis, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 300 Trade Center, Suite 6700, Elm Street, Woburn, Massachusetts.

3.　　Defendant Symantec Corporation ("Symantec" or "Defendant") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in Mountain View, California.

4.　　On information and belief, Symantec is in the business of making, selling, offering to sell, licensing, and/or distributing a variety of software products and providing related services for use by consumers in the United States. These products and services include different

types of technology, among them security software technology.  Security software is designed for the specific purpose of keeping a computer secure from unauthorized access or intrusion, for example, by malware or by unauthorized users.  Security software maintains security protocols and deters, detects, and responds to security breaches, including by removing malware or denying access.  Common types of security software include antivirus, firewall, intrusion detection, spyware removal, and other security enforcement programs.

5.      Symantec's security software products include, but are not limited to, the Symantec Endpoint Protection line of products, for example, Endpoint Protection 12.1, which practice one or more of the claims of the patents Plaintiffs assert in this Complaint ("the Accused Security Software Products").  Symantec also provides Managed Security Services, which involves the use of the technology underlying the Accused Security Software Products ("the Accused MSS").  The Accused Security Software Products are specifically designed to defend physical and virtual systems against different types of unauthorized access or security risks and include antivirus, antispyware, firewall, intrusion prevention, application control, device control, and proactive threat scanning programs.  For example, the Accused Security Software Products are designed to provide:

    a. antivirus and antispyware scans which detect malware, such as viruses, spyware, adware and other files that can put a computer or a network at risk;

    b. firewall protection with a barrier between the computer and an external network such as the Internet, preventing unauthorized access, detecting possible hacker attacks, protecting information, and eliminating unwanted sources of network traffic;

    c. device and application control using rule sets that block or allow access from devices, such as USB, FireWire, or SCSI;

    d. role-based administration, which sets different levels of access for administrators based on their roles and responsibilities;

    e. policy-based settings, which control client settings; and

    f. proactive threat scanning to detect threats, which analyzes the behavior of an application or process to determine if it may present a threat, such as Trojan horses or worms.

6. The Accused Security Software Products can be used by individual and corporate clients and can run on a network with servers.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. Symantec is subject to personal jurisdiction in this district because, upon information and belief, Symantec is a Delaware corporation and is doing and has done substantial business in this district, including business relating to the sale and distribution for sale of the Accused Security Software Products.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c) and § 1400(b), because, among other reasons, Symantec is incorporated in Delaware, is subject to personal jurisdiction in this judicial district, and has committed acts of infringement in this judicial district.

## COUNT I

### (Infringement of U.S. Patent No. 7,275,139)

10. Plaintiffs incorporate and reallege the allegations in the preceding paragraphs as if fully set forth herein.

11. On September 25, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 7,275,139 ("the '139 patent"), entitled "Secure Deletion of Information from Hard Disk Drive" to Alexander G. Tormasov, Serguei M. Beloussov, Maxim V. Tsypliaev, and Maxim V. Lyadvinsky.  A true and correct copy of the '139 patent is attached as Exhibit A.

12. Acronis International GmbH is the owner, by assignment, of all right, title, and interest in the '139 patent, including the right to recover damages for past infringement.

13. Acronis, Inc. is a licensee of the '139 patent.

14. Symantec directly infringes the '139 patent in this district and throughout the United States by making, using, importing, offering for sale and/or selling the Accused Security Software Products, which practice one or more of the claims of the '139 patent.

15. On information and belief, Symantec was aware of the '139 patent at least as of the time of service of this Complaint.

16. Symantec also has induced and/or is inducing the infringement of the '139 patent by making, using, importing, offering for sale and/or selling the Accused Security Software Products.  On information and belief, Symantec sold and/or offered for sale the Accused Security Software Products, and is continuing to do so, to customers and others, specifically intending to actively encourage them to use the Accused Security Software Products in the United States in a

manner that Symantec knows to be infringing. For example, among other things, Symantec actively and knowingly encourages its customers and others, by providing the Accused Security Software Products and the manuals and other documentation for the Accused Security Software Products, to use Symantec's software on their computers for securely deleting data from storage media.  On information and belief, these customers and others have used the Accused Security Software Products in the United States in this manner as encouraged by Symantec, and thus have infringed the '139 patent.

      17.     Symantec also has contributed to and/or is contributing to the infringement of the '139 patent by making, using, importing, offering for sale and/or selling the Accused Security Software Products. Symantec has made and/or sold the Accused Security Software Products with knowledge that these Products are especially designed for use in an infringing combination and are not staple articles of commerce suitable for substantial noninfringing use.  For example, among other things, Symantec actively and knowingly sells its Accused Security Software Products and provides the manuals and other documentation for the Accused Security Software Products to its customers and others for use in a combination of Symantec's software and the customers' computers to accomplish secure deletion of data from storage media. Symantec's security software is especially designed for such deletion of data, is sold by Symantec for the designed use, and is not a staple article of commerce suitable for substantial noninfringing use. On information and belief, Symantec's customers and others have used the Accused Security Software Products in the United States in this combination and infringed the '139 patent.

18. As a result of Symantec's unlawful infringement of the '139 patent, Plaintiffs have suffered and will continue to suffer damage. Plaintiffs are entitled to recover from Symantec the damages adequate to compensate for such infringement, in an amount to be determined at trial.

19. Symantec's acts of infringement of the '139 patent herein have been committed and/or are being committed, at least as of the time of service of this Complaint, with full knowledge of Plaintiffs' rights in the patent. On information and belief, Symantec has acted and/or is continuing to act despite an objectively high likelihood that its actions constituted direct and/or indirect infringement of a valid patent, and knew or should have known of that objectively high risk. Symantec's acts constitute willful and deliberate infringement, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

20. Symantec's acts of infringement have caused and will continue to cause irreparable harm to Plaintiffs, entitling Plaintiffs to injunctive relief.

## COUNT II

### (Infringement of U.S. Patent No. 7,383,327)

21. Plaintiffs incorporate and reallege the allegations in the preceding paragraphs as if fully set forth herein.

22. On June 3, 2008, the USPTO duly and legally issued U.S. Patent No. 7,383,327 ("the '327 patent"), entitled "Management of Virtual and Physical Servers Using Graphic Control Panels" to Alexander G. Tormasov, Stanislav S. Protassov, and Serguei M. Beloussov. A true and correct copy of the '327 patent is attached as Exhibit B.

23. Acronis International GmbH is the owner, by assignment, of all right, title, and interest in the '327 patent, including the right to recover damages for past infringement.

24. Acronis, Inc. is a licensee of the '327 patent.

25. Symantec directly infringes the '327 patent in this district and throughout the United States by making, using, importing, offering for sale and/or selling the Accused Security Software Products and providing the Accused MSS, which practice one or more of the claims of the '327 patent.

26. On information and belief, Symantec was aware of the '327 patent at least as of the time of service of this Complaint.

27. Symantec also has induced and/or is inducing the infringement of the '327 patent by making, using, importing, offering for sale and/or selling the Accused Security Software Products and providing the Accused MSS. On information and belief, Symantec sold and/or offered for sale the Accused Security Software Products and provided the Accused MSS, and is continuing to do so, to customers and others, specifically intending to actively encourage them to use the Accused Security Software Products in the United States in a manner that Symantec knows to be infringing. For example, among other things, Symantec actively and knowingly encourages its customers and others, by providing the Accused Security Software Products, the Accused MSS, and the related manuals and other documentation, to use Symantec's software on the customers' computer systems and/or to have the customers configure their physical and/or virtual servers through the use of Symantec's software and to use the Accused MSS. On information and belief, these customers and others have used the Accused Security Software Products and the Accused MSS in the United States in this manner as encouraged by Symantec, and thus have infringed the '327 patent.

28. Symantec also has contributed to and/or is contributing to the infringement of the

'327 patent by making, using, importing, offering for sale and/or selling the Accused Security Software Products and providing the Accused MSS. Symantec has made and/or sold the Accused Security Software Products and provided the Accused MSS with knowledge that these Products and MSS are especially designed for use in an infringing combination and are not staple articles of commerce suitable for substantial noninfringing use.  For example, among other things, Symantec actively and knowingly sells its Accused Security Software Products and provides the Accused MSS with related manuals and other documentation to its customers and others for use in a combination of Symantec's software and customers' computer systems, wherein customers configure physical and/or virtual servers by using Symantec's software.  Symantec's security software, used by the Accused MSS, is especially designed for such use on servers running virtual execution environments, is sold by Symantec for the designed use, and is not a staple articles of commerce suitable for substantial noninfringing use.  On information and belief, Symantec's customers and others have used the Accused Security Software Products and the Accused MSS in the United States in this combination and infringed the '327 patent.

29.	As a result of Symantec's unlawful infringement of the '327 patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from Symantec the damages adequate to compensate for such infringement, in an amount to be determined at trial.

30.	Symantec's acts of infringement of the '327 patent herein have been committed, and/or are being committed at least as of the time of service of this Complaint, with full knowledge of Plaintiffs' rights in the patent.  On information and belief, Symantec has acted and/or is continuing to act despite an objectively high likelihood that its actions constituted direct and/or indirect infringement of a valid patent, and knew or should have known of that objectively high

risk.  Symantec's acts constitute willful and deliberate infringement, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

31.     Symantec's acts of infringement have caused and will continue to cause irreparable harm to Plaintiffs, entitling Plaintiffs to injunctive relief.

## **COUNT III**

**(Infringement of U.S. Patent No. 8,074,276)**

32.     Plaintiffs incorporate and reallege the allegations in the preceding paragraphs as if fully set forth herein.

33.     On December 6, 2011, the USPTO duly and legally issued U.S. Patent No. 8,074,276 ("the '276 patent"), entitled "Method and System for Administration of Security Services within a Virtual Execution Environment (VEE) Infrastructure" to Serguei M. Beloussov, Stanislav S. Protassov, and Alexander G. Tormasov.  A true and correct copy of the '276 patent is attached as Exhibit C.

34.     Acronis International GmbH is the owner, by assignment, of all right, title, and interest in the '276 patent, including the right to recover damages for past infringement.

35.     Acronis, Inc. is a licensee of the '276 patent.

36.     Symantec directly infringes the '276 patent in this district and throughout the United States by making, using, importing, offering for sale and/or selling the Accused Security Software Products, which practice one or more of the claims of the '276 patent.

37.     On information and belief, Symantec was aware of the '276 patent at least of the time of service of this Complaint.

38.      Symantec also has induced and/or is inducing the infringement of the '276 patent

by making, using, importing, offering for sale and/or selling the Accused Security Software Products. On information and belief, Symantec sold and/or offered for sale the Accused Security Software Products, and is continuing to do so, to customers and others, specifically intending to actively encourage them to use the Accused Security Software Products in the United States in a manner that Symantec knows to be infringing. For example, among other things, Symantec actively and knowingly encourages its customers and others, by providing the Accused Security Software Products and the manuals and other documentation for the Accused Security Software Products, to have Symantec's software installed on computer systems running virtual execution environments and use Symantec's software to manage security services on the virtual execution environments. On information and belief, these customers and others have used the Accused Security Software Products in the United States in this manner as encouraged by Symantec, and thus have infringed the '276 patent.

39. Symantec also has contributed to and/or is contributing to the infringement of the '276 patent by making, using, importing, offering for sale and/or selling the Accused Security Software Products. Symantec has made and/or sold the Accused Security Software Products with knowledge that these Products are especially designed for use in an infringing combination and are not staple articles of commerce suitable for substantial noninfringing use. For example, among other things, Symantec actively and knowingly sells its Accused Security Software Products and provides the manuals and other documentation for the Accused Security Software Products to its customers and others for use in a combination of Symantec's software and customers' computer systems running virtual execution environments, with Symantec's software managing security services on the virtual execution environments. Symantec's security software

is especially designed for such use on servers running virtual execution environments, is sold by Symantec for the designed use, and is not a staple article of commerce suitable for substantial noninfringing use. On information and belief, Symantec's customers and others have used the Accused Security Software Products in the United States in this combination and infringed the '276 patent.

40. As a result of Symantec's unlawful infringement of the '276 patent, Plaintiffs have suffered and will continue to suffer damage. Plaintiffs are entitled to recover from Symantec the damages adequate to compensate for such infringement, in an amount to be determined at trial.

41. Symantec's acts of infringement of the '276 patent herein have been committed and/or are being committed, at least as of the time of service of this Complaint, with full knowledge of Plaintiffs' rights in the patent. On information and belief, Symantec has acted and/or is continuing to act despite an objectively high likelihood that its actions constituted direct and/or indirect infringement of a valid patent, and knew or should have known of that objectively high risk. Symantec's acts constitute willful and deliberate infringement, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

42. Symantec's acts of infringement have caused and will continue to cause irreparable harm to Plaintiffs, entitling Plaintiffs to injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enters judgment and provides relief as follows:

A. That Symantec has directly infringed the '139, '327, and '276 patents (individually and collectively "the Asserted Patents");

B. That Symantec has induced infringement of the Asserted Patents;

C. That Symantec has contributed to infringement of the Asserted Patents;

D. That Symantec has willfully infringed the Asserted Patents;

E. That Symantec, and its officers, agents, servants, employees, and those in active concert or participation with them directly or indirectly, be enjoined from infringing the Asserted Patents;

F. For an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

G. That Symantec be ordered to account for and pay to Plaintiffs the damages resulting from Symantec's infringement of the Asserted Patents, together with interest and costs, and all other damages permitted by 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured;

H. That this action be adjudged an exceptional case and Plaintiffs be awarded their attorneys' fees, expenses and costs in this action pursuant to 35 U.S.C. § 285; and

I. That Plaintiffs be awarded such other equitable or legal relief as this Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable.

Dated: March 23, 2012            FISH & RICHARDSON P.C.

By: */s/ Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE  19899-1114
halkowski@fr.com
(302) 652-5070

Frank Scherkenbach
One Marina Park Drive
Boston, MA 02210
Scherkenbach@fr.com
(617) 542-5070

*Attorneys for Plaintiffs*
*Acronis International GmbH and Acronis, Inc.*