IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACRONIS INTERNATIONAL GMBH and ACRONIS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SYMANTEC CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 12-372 (SLR) <br> ) <br> ) <br> ) <br> ) |

**ANSWER TO ACRONIS INTERNATIONAL GMBH
AND ACRONIS, INC.'S COMPLAINT**

Symantec Corporation ("Symantec") for its Answer to Acronis International GmbH and Acronis, Inc (collectively "Acronis")'s complaint states as follows:

**GENERAL DENIAL**

Symantec denies each and every allegation, matter, or thing contained in the Complaint that is not expressly admitted, qualified, or answered herein.

**PARTIES**

1. Symantec lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1 and, therefore, denies the same.

2. Symantec lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 and, therefore, denies the same.

3. Symantec admits the averments of paragraph 3.

4. Symantec admits that it markets software products and services related to software products. Symantec admits that some of its software products relate to security. Symantec admits that some security software includes antivirus, firewall, intrusion detection, and spyware removal. The remaining averments in paragraph 4 regarding the purposes for which

security software is designed and the functionality of security software purport to describe all security software. Symantec lacks knowledge or information sufficient to form a belief as to the truth of these remaining averments of paragraph 4 and, therefore, denies the same.

5.   Symantec admits that it sells a line of products called Endpoint Protection, including Endpoint Protection 12.1. Symantec admits that it provides Managed Security Services. Symantec admits that Endpoint Protection 12.1 includes antivirus and antispyware scans, firewall protection, devices and application control, various administrator roles and security policies, and proactive threat scanning. Symantec denies the remaining averments of paragraph 5.

6.   Symantec admits that it markets Endpoint Protection 12.1 can be used by individuals and corporate entities. Symantec admits that Endpoint Protection 12.1 can be installed on a server. Symantec denies the remaining averments of paragraph 6.

## JURISDICTION AND VENUE

7.   Symantec admits that Acronis GmbH purports to plead claims arising under 28 U.S. C. §§ 1331 and 1338(a). Symantec denies that the Court has subject matter jurisdiction over all counts brought by Acronis, Inc.

8.   Symantec admits that it is subject to personal jurisdiction in this district for purposes of this action.

9.   Symantec admits that venue is proper in this Court. Symantec denies that this forum is appropriate pursuant to 28 U.S.C. § 1404.

## COUNT I
### (Infringement of U.S. Patent No. 7,275,139)

10.   Symantec repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

11. Symantec admits that U.S. Patent No. 7,275,139 ("the '139 patent") entitled "Secure Deletion of Information from Hard Disk Drive" bears the date September 25, 2007 and lists Alexander G. Tormasov, Serguei M. Beloussov, Maxim V. Tsypliaev, and Maxim V. Lyadvinsky as inventors on the face of the patent. Symantec admits that a copy of what purports to be the '139 patent is attached to the complaint as Exhibit A. Symantec denies the remaining averments of paragraph 11.

12. Symantec lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 and, therefore, denies the same.

13. Symantec lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 and, therefore, denies the same.

14. Symantec denies the averments of paragraph 14.

15. Symantec admits that a copy of what purports to be the '139 patent was attached to the complaint that was served on Symantec. Symantec denies the remaining averments of paragraph 15.

16. Symantec denies the averments of paragraph 16.

17. Symantec denies the averments of paragraph 17.

18. Symantec denies the averments of paragraph 18.

19. Symantec denies the averments of paragraph 19.

20. Symantec denies the averments of paragraph 20.

### COUNT II
### (Infringement of U.S. Patent No. 7,383,327)

21. Symantec repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

22. Symantec admits that U.S. Patent No. 7,383,327 ("the '327 patent") entitled "Management of Virtual and Physical Servers Using Graphic Control Panels" bears the date June 3, 2008 and lists Alexander G. Tormasov, Stanislav S. Protassov, and Serguei M. Beloussov as inventors on the face of the patent. Symantec admits that a copy of what purports to be the '327 patent is attached to the complaint as Exhibit B. Symantec denies the remaining averments of paragraph 22.

23. Symantec lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 and, therefore, denies the same.

24. Symantec lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24 and, therefore, denies the same.

25. Symantec denies the averments of paragraph 25.

26. Symantec admits that a copy of what purports to be the '327 patent was attached to the complaint that was served on Symantec. Symantec denies the remaining averments of paragraph 26.

27. Symantec denies the averments of paragraph 27.

28. Symantec denies the averments of paragraph 28.

29. Symantec denies the averments of paragraph 29.

30. Symantec denies the averments of paragraph 30.

31. Symantec denies the averments of paragraph 31.

### COUNT III
### (Infringement of U.S. Patent No. 8,074,276)

32. Symantec repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

33.  Symantec admits that U.S. Patent No. 8,074,276 ("the '276 patent") entitled "Method and System for Administration of Security Services within a Virtual Execution Environment (VEE) Infrastructure" bears the date December 6, 2011 and lists Serguei M. Beloussov, Stanislav S. Protassov, and Alexander G. Tormasov as inventors on the face of the patent. Symantec admits that a copy of what purports to be the '276 patent is attached to the complaint. Symantec denies the remaining averments of paragraph 33.

34.  Symantec lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 34 and, therefore, denies the same.

35.  Symantec lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35 and, therefore, denies the same.

36.  Symantec denies the averments of paragraph 36.

37.  Symantec admits that a copy of what purports to be the '276 patent was attached to the complaint that was served on Symantec. Symantec denies the remaining averments of paragraph 37.

38.  Symantec denies the averments of paragraph 38.

39.  Symantec denies the averments of paragraph 39.

40.  Symantec denies the averments of paragraph 40.

41.  Symantec denies the averments of paragraph 41.

42.  Symantec denies the averments of paragraph 42.

**AFFIRMATIVE DEFENSES**

Symantec asserts the following affirmative and other defenses. Symantec reserves the right to assert additional affirmative defenses as further information is obtained.

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement of the '139 Patent)

43. Symantec has not and does not directly infringe, contributorily infringe, or induce infringement of any valid and enforceable claim of the '139 Patent.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement of the '327 Patent)

44. Symantec has not and does not directly infringe, contributorily infringe, or induce infringement of any valid and enforceable claim of the '327 Patent.

### THIRD AFFIRMATIVE DEFENSE
### (Non-Infringement of the '276 Patent)

45. Symantec has not and does not directly infringe, contributorily infringe, or induce infringement of any valid and enforceable claim of the '276 Patent.

### FOURTH AFFIRMATIVE DEFENSE
### (Invalidity of the '139 Patent)

46. The claims of the '139 Patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112, because the alleged invention thereof is taught by, suggested by, and/or obvious in view of the prior art, and/or is unsupported by the written description of the patented invention, and/or claims unpatentable subject matter, and no claim of those patents can validly be construed to cover any Symantec product.

### FIFTH AFFIRMATIVE DEFENSE
### (Invalidity of the '327 Patent)

47. The claims of the '327 Patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112, because the alleged invention thereof is taught by, suggested by, and/or obvious in view of the prior art, and/or is unsupported by the

written description of the patented invention, and/or claims unpatentable subject matter, and no claim of those patents can validly be construed to cover any Symantec product.

### SIXTH AFFIRMATIVE DEFENSE
### (Invalidity of the '276 Patent)

48. The claims of the '276 Patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112, because the alleged invention thereof is taught by, suggested by, and/or obvious in view of the prior art, and/or is unsupported by the written description of the patented invention, and/or claims unpatentable subject matter, and no claim of those patents can validly be construed to cover any Symantec product.

### SIXTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

49. Acronis, Inc. lacks standing to assert infringement of the '139, '327, or '276 Patents. Acronis, Inc. is not the assignee of any of the '139, '327 or '276 Patents. On information and belief, Acronis, Inc. does not possess all substantial rights in the '139, '327 or '276 Patent.

### SEVENTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

50. The relief sought by Acronis as to the '139, '327 and '276 Patents is barred under the doctrine of prosecution history estoppel.

### EIGHTH AFFIRMATIVE DEFENSE
### (Patent Marking)

51. Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

## NINTH AFFIRMATIVE DEFENSE
(Government Sales)

52. To the extent any claim for damages for patent infringement arises from the use or manufacture by or for the United States, Acronis's remedies are limited under 28 U.S.C. § 1498(a).

## PRAYER FOR RELIEF

Symantec denies that Acronis is entitled to the relief requested in its Prayer for Relief, including the relief set forth in paragraphs A-I of the complaint, or to any other relief. Symantec asks that Acronis's complaint be dismissed with prejudice, that judgment be entered for Symantec, and that Symantec be awarded attorneys' fees incurred in defending against the Complaint, together with such other relief the Court deems appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

David A. Nelson
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
500 West Madison Street – Suite 2450
Chicago, IL  60661
(312) 463-2961

Jennifer Kash
Eric E. Wall
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 90017

April 13, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 13, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Thomas L. Halkowski, Esquire<br>FISH & RICHARDSON P.C.<br>222 Delaware Avenue<br>17th Floor<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| Frank Scherkenbach, Esquire<br>FISH & RICHARDSON P.C.<br>One Marina Park Drive<br>Boston, MA  02210 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)