IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACRONIS INTERNATIONAL GMBH and ACRONIS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SYMANTEC CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) C.A. No. 12-372 (SLR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DECLARATION OF KATE E. CASSIDY IN SUPPORT OF DEFENDANT
SYMANTEC CORPORATION'S MOTION TO TRANSFER VENUE TO
THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

I, Kate E. Cassidy, hereby declare:

1. I am an associate at the law firm of Quinn Emanuel, Urquhart & Sullivan LLP, counsel for plaintiff Symantec Corporation ("Symantec"). I am licensed to practice law by the State Bar of New York.

2. On May 7, 2012, Olga I. May submitted a declaration in support of Acronis, Inc. and Acronis International GmbH's (collectively "Acronis") opposition to Symantec's Motion to Transfer. (D.I. 16 ("May Decl.").) In that declaration, Ms. May represents that, during a Rule 26(f) teleconference on April 24, 2012, I stated that "regardless of the exact location, Symantec will produce these witnesses and documents 'anywhere' without an objection." (May Decl. ¶ 1.) That characterization of our conversation is factually inaccurate. I never said that Symantec would produce "witnesses and documents 'anywhere'" without objection. Rather, during that

1

call, I stated that Symantec has submitted detailed declarations regarding the location of relevant documents and the identity of relevant witnesses.  I also stated that if, during the course of discovery, Symantec finds additional documents, it will produce that information to Acronis.  I made clear to Ms. May that Symantec will comply with its discovery obligations in this case regardless of whether the case is venued in Delaware or the Northern District of California, and pursuant to those obligations, we would make our witnesses available for depositions.  However, we never discussed where those depositions would take place.  In contrast, Ms. May was not able to state where Acronis's witnesses are, nor where Acronis's documents are located other than to say that there is some information in Boston and Russia.  Ms. May could not estimate the amount of documents that are located in Boston and refused to identify the categories of information found there.  Ms. May also could not state whether Acronis International GmbH has any relevant documents at its headquarters in Switzerland.  I asked Ms. May if she wanted to reschedule the conference so that she could find out where Acronis's relevant documents and witnesses are located so that the parties could prepare a comprehensive discovery plan in advance of the May 8, 2012 case management conference with the court.  Ms. May declined that offer and stated that she did not think she would have the answers to these questions by the date of the court conference.

3. On May 17, 2012, I sent a letter to Ms. May summarizing my understanding of the April 24, 2012 conference and correcting her erroneous representations of Symantec's positions in her declaration dated May 7, 2012.  A true and accurate copy of this letter is attached hereto as **Exhibit A**.

4. On May 10, 2012, I sent Ms. May an e-mail asking to meet and confer regarding the factual bases for certain representations made in Acronis's brief in opposition to Symantec's

2

motion to transfer and the declaration of Alain Gentilhomme submitted therewith. On May 11, 2012, Ms. May refused to meet and confer, stating that "[w]e do not believe further discussion would be fruitful at this juncture." A true and accurate copy of this e-mail chain is attached hereto as **Exhibit B**.

5. A true and accurate copy of Acronis, Inc.'s and Acronis International GmbH's Initial Disclosures, served on Symantec on May 8, 2012, is attached hereto as **Exhibit C**.

6. On February 21, 2012, Magistrate Judge Mary Pat Thynge held a teleconference to address discovery issues in *SRI Int'l, Inc. v. Symantec Corp.*, No. 11-131 (D. Del.). As a result of that teleconference, SRI's counsel (which is Acronis's current counsel) did not inspect or tour the Security Operation Center ("SOC"); rather, the Court ordered the production of publicly available videos and screenshots of the SOC. A true and accurate copy of the transcript of that teleconference letter is attached hereto as **Exhibit D**, with the Court's conclusion that Symantec's production of publicly available videos and screenshots of the SOC could "avoid the need for a tour altogether" at 39:20-40:3.

7. On February 21, 2012, Judge Thynge issued an Order in *SRI Int'l, Inc. v. Symantec Corp.*, No. 11-131 (D. Del.), in which she ordered that "the transcript of the discussions and rulings during the teleconference of February 21, 2012, shall serve as the Order of the Court in this matter" (D.I. 134). A true and accurate copy of the Order is attached hereto as **Exhibit E**.

8. Attached hereto as **Exhibit F** is a true and accurate copy of a page I retrieved on May 15, 2012 from the Parallels, Inc. website, located at http://www.parallels.com/about/leadership/, in which Serguei Beloussov is listed as "Executive

3

Chairman of the Board and Chief Architect," and Stanislav Protassov is listed as "Senior Vice President (SVP), Engineering and R&D."

9. Attached hereto as **Exhibit G** is a true and accurate copy of a page I retrieved on May 15, 2012 from the Parallels, Inc. website, located at http://www.parallels.com/contact/, in which the Global Headquarters of Parallels, Inc. is listed as being located at 500 SW 39th Street, Suite 200, Renton, Washington 98057.

10. Attached hereto as **Exhibit H** is a true and accurate copy of a page I retrieved on May 15, 2012 from the Expedia.com website, located at http://www.expedia.com/, showing flight schedules from Changi, Singapore to San Francisco, California, sorted by duration.

11. Attached hereto as **Exhibit I** is a true and accurate copy of a page I retrieved on May 15, 2012 from the Expedia.com website, located at http://www.expedia.com/, showing flight schedules from Changi, Singapore to Philadelphia, Pennsylvania, sorted by duration.

12. Attached hereto as **Exhibit J** is a true and accurate copy of a page I retrieved on May 15, 2012 from the website of the California Secretary of State, indicating that Symantec filed a registration to do business in the state of California on September 30, 1988 and as of as of May 11, 2012 its registration was still active.

13. Attached hereto as **Exhibit K** is a true and accurate copy of a page I retrieved on May 15, 2012 from the website of the California Secretary of State, indicating that Acronis, Inc. filed a registration to do business in the state of California on July 8, 2002 and as of as of May 11, 2012 its registration was still active.

14. Attached hereto as **Exhibit L** is a true and accurate copy of a page I retrieved on May 15, 2012 from the Acronis website, located at http://www.acronis.com/company, where Acronis describes itself as "a leading provider of easy-to-use disaster recovery and data protection solutions."

15. As Symantec informed the Court at the May 8, 2012 teleconference, Symantec intends to amend its answer in this action to include counterclaims of patent infringement. These counterclaims relate to Symantec's backup and data-recovery technologies. As far as Symantec is aware, none of the inventors of the patents-at-issue in its forthcoming counterclaims are located in Delaware, while at least one third-party inventor, Peter Vajgel, is located in the Northern District of California, residing in Menlo Park.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

Dated: May 17, 2012

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 17, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Thomas L. Halkowski, Esquire<br>FISH & RICHARDSON P.C.<br>222 Delaware Avenue<br>17th Floor<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| Frank Scherkenbach, Esquire<br>FISH & RICHARDSON P.C.<br>One Marina Park Drive<br>Boston, MA  02210 | *VIA ELECTRONIC MAIL* |

*/s/ Maryellen Noreika*

Maryellen Noreika (#3208)