IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACRONIS INTERNATIONAL GMBH and ACRONIS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 12-372 (SLR) |
| SYMANTEC CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANT
SYMANTEC CORPORATION'S MOTION FOR LEAVE TO AMEND ITS PLEADING
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2)**

OF COUNSEL:

David A. Nelson
Robert R. Cleary, Jr.
Aaron Perez-Daple
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, IL 60661
(312) 705-7400

Jennifer A. Kash
Eric E. Wall
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600

Kate Cassidy
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

June 11, 2012

MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Defendant*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

BACKGROUND .......................................................................................................................2

ARGUMENT .............................................................................................................................3

I.   ACRONIS WILL NOT SUFFER SUBSTANTIAL OR UNDUE PREJUDICE IF SYMANTEC ASSERTS ITS COUNTERCLAIMS AGAINST ACRONIS. ....................3

II.  ACRONIS CANNOT SATISFY ANY OF THE OTHER FACTORS THAT ARE CONSIDERED IN THE CONTEXT OF A RULE 15(A)(2) MOTION.............................5

CONCLUSION..........................................................................................................................7

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Bechtel v. Robinson*,
   886 F.2d 644 (3d Cir. 1989) ..................................................................................................4

*BigBand Networks, Inc. v. Imagine Commuc'ns, Inc.*,
   No. 07-351-JJF, 2010 WL 2898286 (D. Del. July 20, 2010) .................................................6

*Cordance Corp. v. Amazon.com, Inc.*,
   255 F.R.D. 366 (D. Del. 2009) ...............................................................................................6

*Enzo Life Sci., Inc., v. Digene Corp.*,
   270 F. Supp. 2d 484 (D. Del. 2003) .......................................................................................6

*Foman v. Davis*,
   371 U.S. 178 (1962) ............................................................................................................3, 5

*ICU Med., Inc. v. RyMed Tech., Inc.*,
   674 F. Supp. 2d 574 (D. Del. 2009) .......................................................................................3

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) .....................................................................................................4

*Leader Tech., Inc. v. Facebook, Inc.*,
   No. 08-862-LPS, 2010 WL 2545959 (D. Del. June 24, 2010) ...............................................3

*McKinzy v. Missouri Div. of Child Support Enforcement*,
   No. 10-2015-JWL, 2010 WL 2232699 (D. Kan. Jun. 1, 2010) ..............................................5

*Motivation Innovations, LLC v. Express, Inc*
   No. 11-615-SLR-MPT, 2012 WL 1415412 (D. Del. Apr. 24, 2012) ............................. 3, 6, 7

*Roquette Freres v. SPI Pharma, Inc.*
   No. 06-540-GMS, 2009 WL 1444835 (D. Del. May 21, 2009) .........................................3, 6

### **Rules / Statutes**

28 U.S.C. § 1400(a) ......................................................................................................................5

Fed. R. Civ. P. 12(b)(6)..................................................................................................................7

Fed. R. Civ. P. 15(a)................................................................................................................. 1-7

Symantec Corporation ("Symantec") requests the court's permission pursuant to the Federal Rules of Civil Procedure 15(a)(2) to amend its April 13, 2012 pleading to assert five patent-infringement counterclaims against Acronis, Inc. and Acronis International GmbH (collectively "Acronis"). That Rule states that on a motion to amend a pleading "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This means that the amendment should be allowed unless Acronis can show that it will suffer substantial and undue prejudice in presenting its case at trial. If Acronis cannot meet that burden, Acronis must provide evidence of bad faith or dilatory motives, undue or unexplained delay, repeated failures to cure deficiencies by amendments previously allowed, or futility of the amendment. Acronis cannot satisfy either standard:

- ***Acronis will not suffer substantial or undue prejudice if Symantec asserts its counterclaims against Acronis.*** Even though Acronis withheld its consent to allow Symantec to assert Symantec's patent infringement claims in this case, Acronis stated that it would stipulate to an amendment that would allow Symantec to assert those claims in another case pending in the Northern District of California. By making this offer, Acronis conceded that it will not suffer substantial or undue prejudice if Symantec asserts those claims now. Acronis's objection is based on the venue for Symantec's claims not the substance or timing of the pleading.

- ***None of the other factors warrant denial of Symantec's request for leave to amend:*** Symantec brings this motion close to the inception of this case, before substantial discovery has occurred, and prior to the issuance of a scheduling order. Thus, Symantec has not unduly delayed and does not seek to amend for dilatory motives. Further, Symantec has not previously amended its pleadings and Symantec's claims are not futile.

Because Acronis cannot meet its burden to demonstrate that the Court should not "freely give" Symantec permission to amend its pleading pursuant to Rule 15(a)(2), Symantec asks the Court to grant Symantec's motion.

1

## BACKGROUND

Symantec filed its answer to Acronis's complaint on April 13, 2012. (D.I. 6). On May 7, 2012 (only 3 days after Symantec's time to amend as right expired pursuant to Federal Rule of Civil Procedure 15(a)(1)(A)), Symantec informed Acronis of its intent to assert counterclaims against Acronis in this case and asked Acronis for its consent to allow Symantec to amend its pleading. (Cassidy Decl. Ex. A). Those claims allege that Acronis had infringed Symantec's U.S. Patents Nos. 7,941,459 ("the '459 patent"), 7,024,527 ("the '527 patent"), 7,454,592 ("the '592 patent"), 7,680,957 ("the '957 patent") and 7,996,708 ("the '708 patent"). (Cassidy Decl. Ex. B). Those patents relate generally to backup and recovery software. (*Id.* at ¶¶ 16-21).

The next day, on May 8, 2012, Symantec informed the Court at the scheduling conference that Symantec intended to assert patent infringement counterclaims against Acronis in this case. (Cassidy Decl. ¶ 3). Symantec finished its investigation and sent Acronis a copy of Symantec's proposed counterclaims on May 30, 2012. (Cassidy Decl. Ex. B). Acronis responded on June 4, 2012 stating that it would not consent to Symantec amending its pleading in this case. (Cassidy Decl. Ex. C). Acronis did not object to Symantec's proposed counterclaims based on prejudice to Acronis, undue delay, Symantec's bad faith, or futility of the claims. Instead, Acronis objected to the amendment because Acronis contends that the subject matter of Symantec's counterclaims more closely relate to the subject matter of the action pending in the Northern District of California:

> As Acronis previously stated, any backup and recovery counterclaims should be asserted in the California case, which already focuses on the backup and recovery technology. Acronis is offering to stipulate to Symantec's amendment of its current California complaint to add these claims to that case and to meet and confer on any adjustments to the schedule.

*(See* Cassidy Decl. Ex. C).

On June 8, 2012, the parties meet and conferred about the scheduling order for this case. (Cassidy Decl. Ex. D). Symantec asked Acronis to confirm that it will not consent to Symantec's proposed amendment. (*Id.*). Counsel for Acronis confirmed that Acronis would not give its consent. (*Id.*). Acronis reiterated that Symantec should assert these five patent-infringement counterclaims in the Northern District of California. (Cassidy Decl. ¶ 6).

Because Acronis will not consent to Symantec's proposed amendment unless Symantec agrees to assert them in Acronis's preferred venue, Symantec requests the Court's permission for Symantec to amend its pleading in this case.

## **ARGUMENT**

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has declared that the purpose of pleadings is to "facilitate a proper decision on the merits" and is not an opportunity to exhibit gamesmanship. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S.. at 182. The Third Circuit has "adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities." *Leader Tech., Inc. v. Facebook, Inc.*, No. 08-862-LPS, 2010 WL 2545959, at *3 (D. Del. June 24, 2010); *ICU Med., Inc. v. RyMed Tech., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009).

I. **ACRONIS WILL NOT SUFFER SUBSTANTIAL OR UNDUE PREJUDICE IF SYMANTEC ASSERTS ITS COUNTERCLAIMS AGAINST ACRONIS.**

The most important factor in determining "whether leave should be granted is prejudice to the non-moving party." *Motivation Innovations, LLC v. Express, Inc.*, No. 11-615-SLR-MPT, 2012 WL 1415412, at *2 (D. Del. Apr. 24, 2012); *Roquette Freres v. SPI Pharma, Inc.*, No. 06-

3

540-GMS, 2009 WL 1444835, at *3 (D. Del. May 21, 2009).  "In proving prejudice, the non-moving party 'must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.'"  *Id.* (citing *Bechtel v. Robinson*, 886 F.2d 644 (3d Cir. 1989)).  Acronis cannot meet this burden.

*First,* Acronis would not suffer any prejudice as a result of the timing of the amendment.  Acronis's rationale for refusing to consent to Symantec's amendment, namely that Acronis contends that the subject matter of Symantec's proposed counterclaims bears a closer relationship to the claims pending in the Northern District of California than to the claims pending here is not a reason to deny amendment under Rule 15(a)(2).  If Acronis objects to the venue of Symantec's patent infringement claim, that argument should be made in the context of a motion to transfer that analyzes the *Jumara* factors.  *See e.g.* D.I. 10 at 6-8; *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 882-83 (3d Cir. 1995).  While Symantec believes that this case should be transferred to the Northern District of California (*see generally* D.I. 10), Symantec seeks to consolidate the cases for the purposes of discovery only.  The addition of five more patent infringement claims to the Northern District of California case would bring the total number of patents asserted in that case to twelve patents, which is not efficient or practical for the purposes of trial.  Rather than initiate a third lawsuit to assert these claims in California, Symantec chose to assert its additional patent infringement claims against Acronis in this already pending case.

*Second,* this case is in the earliest stages of discovery and Acronis would not be unfairly disadvantaged if the Court were to permit Symantec's amendment.  The Court held its initial case management conference only a month ago and the parties have not yet finalized the

4

scheduling order for this case. Consequently, Acronis still has every opportunity to take discovery on Symantec's patent infringement claims, and present the same facts and evidence at trial that it would have been able to present had Symantec filed its counterclaims on April 13, 2012. Acronis did not object to the timing of Symantec's amendment in its June 4, 2012 email. In fact, Acronis stated that it would stipulate to add these claims to a case that is further advanced in the schedule than this one. Acronis's offer to stipulate to add these claims to the Northern District of California case that is now about to enter claim construction undermines any potential argument that Acronis is unduly prejudiced by adding these additional patent infringement claims in this case where discovery has just begun.

*Third*, at best, the question of venue may be relevant to a futility argument under Rule 15(a)(2) in certain cases. *See e.g. McKinzy v. Missouri Div. of Child Support Enforcement*, No. 10-2015-JWL, 2010 WL 2232699 *5-6, (D. Kan. Jun. 1, 2010). But such an argument cannot be made here. Even though Symantec contends that the Northern District of California is the more convenient forum for this case (*see generally* D.I. 10), the district of Delaware is a proper venue for this case pursuant to 28 U.S.C. § 1400(a). Further, this Court has subject matter jurisdiction to hear Symantec's counterclaims and has personal jurisdiction over Acronis, Inc. and Acronis International GmbH.

Acronis cannot show that it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence if the Court were to allow Symantec's amendment. Therefore, Symantec asks the Court to grant Symantec's motion.

## II. ACRONIS CANNOT SATISFY ANY OF THE OTHER FACTORS THAT ARE CONSIDERED IN THE CONTEXT OF A RULE 15(A)(2) MOTION

The Supreme Court explained in its *Foman* decision that in the "absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182; *see also Motivation Innovations*, 2012 WL 1415412, at *2; *Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366, 370 (D. Del. 2009); *Roquette Freres.*, 2009 WL 1444835, at *3. The burden of showing undue delay, bad faith, dilatory motives, unfair prejudice or futility rests with the party opposing the amendment. *BigBand Networks, Inc. v. Imagine Commc'ns, Inc.*, No. 07-351-JJF, 2010 WL 2898286, at *1 (D. Del. July 20, 2010).

***Symantec does not seek leave to amend its pleadings in bad faith or to delay this case.*** *See Roquette Freres,* 2009 WL 1444835, at *3, 5. Acronis has not complained that Symantec is acting in bad faith or for dilatory motives, nor would such allegations have any merit. (*See* Cassidy Decl. Ex. C). Symantec acted in good faith by notifying Acronis of its intention to amend its pleadings as soon as it was possible to do so. (*See* Cassidy Decl. Ex. A). Symantec also informed the Court at the May 8, 2012 case management conference that Symantec planned to file patent infringement counterclaims against Acronis in this case. Further, Symantec does not want to delay resolution of this case. If the Court were to permit Symantec's amendment, none of the dates the Court scheduled at the case management conference would change. Thus, there is no basis to deny Symantec's motion on this ground.

***Symantec has not unduly delayed its request to bring these claims.*** *See Enzo Life Sci., Inc., v. Digene Corp.,* 270 F. Supp. 2d 484, 487-489 (D. Del. 2003). Acronis filed this case on March 23, 2012 – only 10 weeks ago. When Symantec first raised the issue of amending its pleadings with Acronis on May 7, 2012, Symantec's ability to amend as of right pursuant to Federal Rule of Civil Procedure 15(a)(1) had lapsed by only one day. Further, in all the

6

communications Symantec has had with Acronis about Symantec's proposed amendment, Acronis has not once cited undue delay as the reason Acronis would not consent to Symantec's proposed amendment. Thus, there is no basis for denying Symantec's motion on the basis of undue delay.

***Symantec has not previously amended its pleadings.*** Therefore, the issue of whether Symantec has repeatedly failed to cure deficiencies by amendments previously allowed is not a relevant consideration here.

***Symantec's claims are not futile.*** "[I]n assessing futility of a proposed amendment, the same standard of legal sufficiency as under Rule 12(b)(6) is applied." *Motivation Innovations*, 2012 WL 1415412, at *2. However, Acronis does not dispute the legal sufficiency of Symantec's proposed patent infringement claims. (*See* Cassidy Decl. Ex. C). In fact, Acronis stated that it would stipulate to add these claims to another litigation pending in the Northern District of California. (Cassidy Decl. Ex. C). This proposal undermines any potential argument that Symantec's claims are futile. Thus, futility is not a basis for denying Symantec's motion..

## CONCLUSION

The Court has two reasons to grant Symantec's Rule 15(a)(2) motion to amend its pleading: (1) Acronis cannot show undue prejudice and (2) Acronis cannot demonstrate that Symantec has unduly delayed in bringing these claims, shown bad faith or dilatory motive, failed to cure previous deficiencies, or proposed a futile amendment. Therefore, Symantec respectfully requests the Court's permission to amend its pleading.

OF COUNSEL:

David A. Nelson
Robert R. Cleary, Jr.
Aaron Perez-Daple
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, IL  60661
(312) 463-2961

Jennifer Kash
Eric E. Wall
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 90017
(415) 875-6600

Kate Cassidy
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

June 11, 2012
5972207.1

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Defendant*

8

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 11, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Thomas L. Halkowski, Esquire<br>FISH & RICHARDSON P.C.<br>222 Delaware Avenue, 17th Floor<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| Frank Scherkenbach, Esquire<br>FISH & RICHARDSON P.C.<br>One Marina Park Drive<br>Boston, MA  02210 | *VIA ELECTRONIC MAIL* |

*/s/ Maryellen Noreika*

Maryellen Noreika (#3208)