IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACRONIS INTERNATIONAL GMBH and ACRONIS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SYMANTEC CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 12-372 (SLR) |

**REPLY BRIEF IN SUPPORT OF DEFENDANT SYMANTEC CORPORATION'S
MOTION FOR LEAVE TO AMEND ITS PLEADING PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2)**

OF COUNSEL:

David A. Nelson
Robert R. Cleary, Jr.
Aaron Perez-Daple
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, IL 60661
(312) 705-7400

Jennifer A. Kash
Eric E. Wall
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600

Kate Cassidy
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

July 2, 2012

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Defendant*

**TABLE OF CONTENTS**

                                                                                                                   **Page**

ARGUMENT ..................................................................................................................................1

I.      ACRONIS'S CONTENTION THAT SYMANTEC OUGHT TO HAVE BROUGHT ITS CLAIMS IN THE NORTHERN DISTRICT OF CALIFORNIA IS NOT A BASIS FOR DENIAL OF SYMANTEC'S MOTION FOR LEAVE TO AMEND ..................................................................................................................1

II.     ACRONIS DOES NOT CLAIM THAT IT WILL SUFFER DISCOVERY OR TRIAL PREJUDICE IF SYMANTEC'S PATENT INFRINGEMENT CLAIMS ARE ALLOWED ............................................................................................................2

III.    ACRONIS'S FUTILITY ARGUMENT HAS NO LEGAL SUPPORT .............................3

IV.    ACRONIS'S COMPLAINT ABOUT UNDUE DELAY IS INADEQUATE ....................3

V.     ACRONIS'S CLAIM THAT SYMANTEC BROUGHT THIS MOTION AS A LITIGATION TACTIC IS NOT TRUE AND IS IRRELEVANT TO THE RULE 15(A) ANALYSIS. ..........................................................................................................5

CONCLUSION ..............................................................................................................................6

# **TABLE OF AUTHORITIES**

**Cases**

*Astrazeneca AB v. Ranbaxy Pharmaceuticals, Inc.*,
  No. 05-5553-JAP, 2008 WL 5272018 (D.N.J. Dec. 16, 2008) .................................................. 4

*Bechtel v. Robinson*,
  886 F.2d 644 (3d Cir. 1989) ..................................................................................................... 1

*Cordance Corp. v. Amazon.com, Inc.*,
  255 F.R.D. 366 (D. Del. 2009) ................................................................................................. 2

*Foman v. Davis,*
  371 U.S. 178 (1962) ................................................................................................................. 1

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir 1995) ........................................................................................................ 1

*Leader Techs., Inc. v. Facebook, Inc.*,
  No. 08-862-LPS, 2010 WL 2545959 (D. Del June 24, 2010) .................................................. 4

*Motivation Innovations, LLC, v. Express, Inc.*,
  No. 11-615-SLR, 2012 WL 1415412 (D. Del. Apr. 24, 2012) ............................................. 2, 3

*Roquette Freres v. SPI Pharma, Inc.*,
  No. 06-540-GMS, 2009 WL 1444835 (D. Del. May 21, 2009) ............................................... 2

*Semiconductor Energy Lab. Co.*,
  No. 00-018-GMS, 2001 WL 194303 (D. Del. Feb. 22, 2001) .................................................. 4

*Thibault v. Delaware Technical & Community College*,
  No. 11-1080-MPT, 2012 WL 2073847 (D. Del. June 8, 2012) ................................................ 2

*Travel Syndication Tech., LLC v. Fuzebox, LLC,*
  No. 11-553-RGA, 2012 WL 1931238 (D. Del. May 25, 2012) ................................................ 3

*Trueposition, Inc. v. Allen Telecom, Inc.*,
  No. 01-823-GMS, 2002 WL 1558531, at *2 (D. Del. July 16, 2002) ...................................... 2

**Statutes**

28 U.S.C. § 1404(a) ........................................................................................................................ 1

**Rules**

Fed. R. Civ. P. 15(a) ............................................................................................................... 1, 2, 3

Acronis' opposition to Symantec's motion for leave to amend its answer to add patent infringement counterclaims is little more than a sur-reply to Symantec's motion to transfer. Acronis contends that Symantec ought to have brought its counterclaims in the Northern District of California. But these arguments have no bearing on whether Symantec should be given leave to amend pursuant to Rule 15(a). Rule 15(a) liberally allows for amendment of pleadings before a court ordered deadline. Acronis offers no explanation for why Symantec's counterclaims would prejudice Acronis given that no meaningful discovery has occurred, Symantec's request to amend was made six months before the deadline to amend pleadings, and Acronis does not challenge the futility of Symantec's counterclaims. Thus, Symantec's motion for leave to amend should be granted.

## ARGUMENT

### I. ACRONIS'S CONTENTION THAT SYMANTEC OUGHT TO HAVE BROUGHT ITS CLAIMS IN THE NORTHERN DISTRICT OF CALIFORNIA IS NOT A BASIS FOR DENIAL OF SYMANTEC'S MOTION FOR LEAVE TO AMEND

Acronis conflates Symantec's motion for leave to amend with Symantec's motion to transfer, contending that the subject matter of Symantec's counterclaims is more closely related to the subject matter of the patents at suit in California than the patents asserted by Acronis here. (Opp. at 9.) Regardless of whether or not Acronis' contention is true, motions for leave to transfer are decided under an entirely different framework than a motion for leave to amend. *Compare Foman v. Davis,* 371 U.S. 178, 182 (1962), *and* Fed. R. Civ. P. 15(a), *with* 28 U.S.C. § 1404(a), *and Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir 1995). Pursuant to Rule 15(a), a motion for leave to amend should be freely granted when justice so requires. Acronis, not Symantec, has the burden of showing why the Court should not freely give Symantec permission to amend under Rule 15. *See*, *e.g.*, *Bechtel v. Robinson*, 886 F.2d 644, 652-53 (3d Cir. 1989); *Motivation Innovations, LLC, v. Express, Inc.*, No. 11-615-SLR, 2012 WL 1415412,

at *2 (D. Del. Apr. 24, 2012); *Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366, 370-71 (D. Del. 2009); *Thibault v. Delaware Technical & Community College*, No. 11-1080-MPT, 2012 WL 2073847, at *4 (D. Del. June 8, 2012); *Roquette Freres v. SPI Pharma, Inc.*, No. 06-540-GMS, 2009 WL 1444835, at *3 (D. Del. May 21, 2009). Symantec does not have to demonstrate that Delaware is a more convenient forum than the Northern District of California for litigating its counterclaims because this is not a factor considered under the Rule 15(a) standard. Accordingly, Acronis's contentions that Symantec's counterclaims bear a closer relation to the claims pending in the Northern District of California have no relevance here.

II.  **ACRONIS DOES NOT CLAIM THAT IT WILL SUFFER DISCOVERY OR TRIAL PREJUDICE IF SYMANTEC'S PATENT INFRINGEMENT CLAIMS ARE ALLOWED**

Acronis fails to demonstrate that it will suffer the type of prejudice recognized by courts as a basis for denying a Rule 15(a) motion. Prejudice in the context of a Rule 15(a) motion requires Acronis to prove that "it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Roquette Freres.*, 2009 WL 1444835, at *3 ; *Thibault*, 2012 WL 2073847, at *4. Where, as here, discovery "is in its earliest stages, amendment of [a pleading] will not deprive [the non-moving party] of the opportunity to present facts or evidence or otherwise prepare and present its case." *Trueposition, Inc. v. Allen Telecom, Inc.*, No. 01-823-GMS, 2002 WL 1558531, at *2 (D. Del. July 16, 2002). Acronis has not presented any evidence that the timing of Symantec's motion for leave to amend will prejudice its ability to present facts or evidence regarding the subject matter of the events.

Indeed, Acronis does not even allege arguments that would show this type of prejudice. Instead, Acronis argues that it would be prejudiced by Symantec's amendment because (1) Symantec will rely on these counterclaims as a basis for its motion to transfer; (2) amendment

2

will result in litigation duplicative of Symantec's litigation in California; and (3) adding Symantec's claims to this case would "unduly complicate" the litigation. (Opp. at 6-8.) These arguments do not show any prejudice with respect to Acronis' ability to adduce evidence regarding Symantec's counterclaims and are, therefore, simply irrelevant to whether Symantec's motion for leave to amend should be granted.

### III. ACRONIS'S FUTILITY ARGUMENT HAS NO LEGAL SUPPORT

Acronis argues that the Court should "avoid the futile step of allowing these counterclaims in Delaware just so that those counterclaims can be promptly transferred to California." Opp. 9. But this is not "futility" under Rule 15(a). A pleading amendment "is futile when it fails to state a claim upon which relief may be granted." *Motivation Innovations*, 2012 WL 1415412, at *2. "The analysis is the same as under Rule 12(b)(6) in that all factual allegations and all reasonable inferences therefrom are accepted as true." *Id.* Further, "the court does not and cannot weigh the facts, nor determine whether a party will ultimately prevail; … '[o]nly where it is clear to the court … that a claim has no possibility of succeeding on the merits, will the court disallow it by denying leave to amend.'" *Id.*; *see also Travel Syndication Tech., LLC v. Fuzebox, LLC,* No. 11-553-RGA, 2012 WL 1931238, at *3 (D. Del. May 25, 2012). Acronis's argument that Symantec's claims can be brought in California acknowledges that these claims would be proper under a Rule 12(b)(6) analysis, and therefore are not futile under Rule 15.

### IV. ACRONIS'S COMPLAINT ABOUT UNDUE DELAY IS INADEQUATE

Acronis complains that Symantec's delay was undue because it waited until past its deadline to amend as of right and after Acronis filed its opposition to Symantec's motion to transfer. Neither argument is correct nor relevant to the Rule 15 standard.

Symantec's request to amend its pleading is timely by six months. At the May 8, 2012 scheduling conference, the Court set December 7, 2012 as the last date for amendment of pleadings. Thus, any request by either party to amend its pleadings before that date is evaluated under Rule 15 and the Third Circuit's "liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities." *Leader Techs., Inc. v. Facebook, Inc.*, No. 08-862-LPS, 2010 WL 2545959, at *3 (D. Del June 24, 2010).

In the context of a Rule 15 analysis, delay is undue only when the passage of time "places an unwarranted burden on the court or an unfair burden on the opposing party." *Semiconductor Energy Lab. Co.*, No. 00-018-GMS, 2001 WL 194303, at *2 (D. Del. Feb. 22, 2001). Very little has happened in this case to cause prejudice to Acronis or the Court if Symantec's patent infringement claims are added now, and Acronis provides no explanation of any such prejudice. No scheduling order has been entered in this case, no trial date has been set, and the parties have barely started discovery.

Acronis's argument that Symantec gave "no reason why it waited past its deadline to amend [its pleading] as of right" is irrelevant to the *Foman v. Davis* analysis because, as explained above, Acronis will not be prejudiced by the amendment. "[U]nless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reason for its delay." *Astrazeneca AB v. Ranbaxy Pharmaceuticals, Inc.*, No. 05-5553-JAP, 2008 WL 5272018, at *6 (D.N.J. Dec. 16, 2008). Furthermore, this argument ignores the fact that Symantec did explain why it did not assert its counterclaims with its answer. Symantec stated in its moving brief that it informed Acronis and the Court that it was planning to assert patent infringement claims against Acronis in this case. Dkt. 28 at 5. Symantec spent the next three weeks finishing its investigation of those claims, and when its Rule 11 analysis was complete,

Symantec sent Acronis a copy of its proposed amended pleading.  Dkt. 28 at 5.  Acronis ignores this explanation in its Opposition.

## V. ACRONIS'S CLAIM THAT SYMANTEC BROUGHT THIS MOTION AS A LITIGATION TACTIC IS NOT TRUE AND IS IRRELEVANT TO THE RULE 15(A) ANALYSIS.

Acronis alleges that Symantec seeks to amend its pleadings as a litigation tactic to leverage "a transfer [of the whole case] to California."  Opp. 6.  That characterization of Symantec's motion to amend is baseless.  As Symantec explained in its moving brief, Symantec decided to assert these claims against Acronis in this already pending case rather than initiate a third lawsuit between the parties, as is Symantec's right to do.  Mot. 4.

Acronis's accusations of intentional delay by Symantec in disclosing its motion for leave to amend are baseless.  Acronis contends that "Symantec withheld information on the nature of [Symantec's] counterclaims," Opp. 10, and "ignored several of Acronis's requests for the subject matter of the counterclaims."  Opp. 4  These arguments are inaccurate.  As soon as Symantec finished its Rule 11 analysis and made the final determination as to which patents it was planning to assert in this case, it sent Acronis a copy of Symantec's proposed pleading.  Cassidy Decl. Ex. B.  Acronis's assertion that it never "received a response" to its emails regarding what claims Symantec planned to assert in this case is therefore demonstrably false.  *See* May Decl. ¶¶ 3-4; *cf.* Cassidy Decl. Ex. B.

Acronis also accuses Symantec of not responding to Acronis's request for a meet and confer to discuss adding Symantec's claims to the California case.  *See* Opp. 4; May Decl. ¶ 5.  That representation is also incorrect.  The parties discussed Acronis's proposal during a meet and confer on June 11, 2012.  On that call, Acronis confirmed that it would not give its consent to allow Symantec to assert patent infringement counterclaims against Delaware in this case.  *See*

5

Cassidy Decl. ¶ 6; Cassidy Decl. Ex. D.  In light of this clarification, Symantec asks the Court to disregard Acronis's charge that Symantec has acted in bad faith.

## CONCLUSION

Symantec respectfully requests the Court's permission to amend its pleading.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

David A. Nelson
Robert R. Cleary, Jr.
Aaron Perez-Daple
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, IL  60661
(312) 463-2961

Jennifer Kash
Eric E. Wall
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 90017

Kate Cassidy
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

July 2, 2012

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 2, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Thomas L. Halkowski, Esquire<br>FISH & RICHARDSON P.C.<br>222 Delaware Avenue, 17th Floor<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| Frank Scherkenbach, Esquire<br>Steven R. Katz, Esquire<br>FISH & RICHARDSON P.C.<br>One Marina Park Drive<br>Boston, MA 02210 | *VIA ELECTRONIC MAIL* |
| John W. Thornburgh, Esquire<br>Jason W. Wolff, Esquire<br>Olga I. May, Esquire<br>E. Alex Easton –Salners, Esquire<br>Fish & Richardson P.C.<br>12390 El Camino Real<br>San Diego, CA 92130 | *VIA ELECTRONIC MAIL* |
| Jerry T. Yen, Esquire<br>FISH & RICHARDSON P.C.<br>500 Arguello Street<br>Suite 500<br>Redwood City, CA 94063 | *VIA ELECTRONIC MAIL* |

*/s/ Maryellen Noreika*

Maryellen Noreika (#3208)